*E-filed on* ___7/14/06___

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE CYGNUS TELECOMMUNICATIONS TECHNOLOGY, LLC, PATENT LITIGATION<br><br>THIS ORDER RELATES TO:<br>All Actions | No. MDL-1423<br>This Order Applies to All Actions<br>    C-02-00142 RMW<br>    C-02-00145 RMW<br>    C-02-05437 RMW<br>    C-03-03594 RMW<br>    C-03-03596 RMW<br>    C-03-03378 RMW<br>    C-03-04003 RMW<br>    C-03-05758 RMW<br>    C-04-01791 RMW<br>    C-04-03001 RMW<br>    C-04-03365 RMW<br>    C-04-04247 RMW<br>    C-04-04359 RMW<br>    C-05-01291 RMW<br>    C-06-03843 RMW<br>    C-06-04295 RMW<br><br>MISCELLANEOUS ORDER |

### **I. DISCOVERY ISSUES**

In a June 21, 2006 scheduling order, the court instructed the parties to develop a discovery depository to facilitate all parties' access to documents in these coordinated actions. The parties requested a phone conference to resolve three discovery issues: (1) how to divide the cost of setting up and maintaining the discovery depository, (2) who bears the cost of producing documents in Cygnus's possession, and (3) who should host the depository site.

**A. Cost of the discovery depository**

Cygnus's position is that Cygnus and each defendant should pay an equal share of the cost. The defense position is that Cygnus should pay half the cost and the defendants collectively should pay half the cost.

If Cygnus had sued only one defendant, presumably each would bear approximately half the costs of discovery. The court doubts that adding an additional defendant to this hypothetical situation would greatly increase the discovery required to be produced by Cygnus. Conversely, it is unlikely that there would be substantial overlap between each defendant's discovery production, so an additional defendant would significantly add to the discovery deposited. During the phone conference, Cygnus reported there were seventeen defendants. While Cygnus appears to have named more than seventeen entities as defendants in these actions, the court will accept seventeen as the number of defendants important for discovery purposes.

Since it appears reasonable to assume Cygnus's discovery production in these actions, except for its original production, will not be significantly greater than that of an individual defendant, and there are by Cygnus's estimation eighteen parties important for discovery, the court orders Cygnus to bear 11 percent of the cost of the discovery depository (approximately 2/18ths or 1/9th) and the defendants to collectively bear the other 89 percent (approximately 16/18ths or 8/9th). For simplicity, this ratio will not change as defendants are added or removed from proceedings before this court. Each participating defendant shall presumptively bear an equal share of the defendants' portion of the cost, though the defendants are free to make other arrangements among themselves.

**B. Cost of producing documents in Cygnus's possession**

Cygnus's counsel possesses approximately twenty-five boxes of documents from past cases. Defendants want access to all these documents. Cygnus argues that it should bear no part of the cost of producing these documents except for the few it intends to use. According to Cygnus, the documents include multiple copies of the patents-in-suit, very similar complaints, and material produced in discovery by defendants in related cases (including some defendants that remain in these actions). Liaison counsel for the defendants proposed that defendants initially bear the cost of scanning these documents, with leave to move at a later date to shift some of the cost to Cygnus.

This proposal seems reasonable,[1] but the court will wait to hear from liaison counsel a firm estimate of the cost of such production before making a final ruling. Liaison counsel's estimate shall take into consideration the following paragraph.

The defendants will under no circumstances be reimbursed for the costs of scanning copies of the patents-in-suit. The defendants will also not be reimbursed for scanning documents related to lawsuits where there was no discovery or disclosures (voluntary or made under Fed.R.Civ.P. 26), no settlement negotiations, and no default judgments entered. Materials related to reexaminations of the patents-in-suit publicly available on the USPTO website also need not be scanned. Defendants should also be mindful of the limitations of the Federal Rules of Civil Procedure, such as Fed.R.Civ.P. 26(b)(2)(i), which states that discovery should not be "unreasonably cumulative or duplicative, or . . . obtainable from some other source that is more convenient, less burdensome, or less expensive." Discoverable material in Cygnus's possession includes, at a minimum, settlements not ordered kept confidential by a court, as well as any discovery responses, voluntary disclosures, required disclosures, and settlement-related papers. Cygnus shall provide liaison counsel with an itemization of any confidential documents.

**C. Host for depository**

Defendant Interactive Media Technologies Inc. d/b/a GlobalTel has volunteered to host the depository site at a below-market rate. As counsel estimates this will save several thousand dollars, the court will approve it. GlobalTel's hosting of the site is subject to modification or substitution if the hosting is not being properly performed.

## II.  LIAISON COUNSEL ISSUES

Also at the phone conference, several issues relating to the duties of liaison counsel arose.

**A. Defendants who have not consented to representation by liaison counsel**

The defendants have generally selected Kieran Fallon, counsel for GlobalTel, as liaison counsel. Fallon reports that defendants TelCan Inc., Mike Choren, and Access Network Services

---

[1] Under *Zubulake v. UBS Warberg LLC*, cited by Cygnus, "the presumption is that the responding party must bear the expense of complying with discovery requests," though "requests that run afoul of the Rule 26(b)(2) proportionality test may subject the requesting party to protective orders under Rule 26(c), including orders conditioning discovery on the requesting party's payment of the costs of discovery." 216 F.R.D. 280, 283 (S.D.N.Y. 2003) (quotation marks omitted).

1  have not responded to his communications.  Fallon is, of course, excused from representing those
2  defendants as liaison counsel unless they subsequently consent; he should, however, make
3  reasonable efforts to coordinate the efforts of the defendants he does represent with any action taken
4  by defendants he does not.  Sanctions may be awarded against any defendant who fails to cooperate
5  with liaison counsel.

6  **B.  Scope of liaison counsel's duties**

7  The parties sought instruction on whether liaison counsel would be responsible for discovery
8  disputes involving individual defendants.  The court envisions liaison counsel's primary
9  responsibilities to be coordinating discovery and motion practice.  If a discovery dispute arises
10  involving a single defendant, liaison counsel should ensure Cygnus and other defendants are not
11  aware of similar issues that could be dealt with at the same time.  Liaison counsel should also
12  attempt to ensure that individual discovery disputes are scheduled in a manner that makes sense for
13  these actions as a whole.  Liaison counsel is not responsible for briefing an individual discovery
14  dispute (unless it involves GlobalTel); such briefing should be done by counsel for the defendant
15  involved.

16  **C.  New actions**

17  The Panel on Multidistrict Litigation continues to transfer in additional cases, most recently
18  Case No. 06-03843 from the Eastern District of California and Case No. 06-04295 from the District
19  of Arizona.  Cygnus and liaison counsel shall confer with the defendants in these two actions and
20  determine whether these new defendants can and should follow the June 21, 2006 scheduling order.
21  The court would strongly prefer that the new defendants were included in the discovery and motion
22  practice leading up to the November 20, 2006 hearing.  The parties are to report back to the court the
23  results of these discussions.

24  **III.  AT&T'S MOTION FOR CLARIFICATION**

25  AT&T has filed a motion seeking clarification of the June 21, 2006 scheduling order.  The
26  court clarifies the order as follows:  Motions for summary judgment of invalidity or infringement
27  that involve the construction of claim terms, whether the construction is disputed or not, will be
28  heard on November 20, 2006, or at a later date if the claim construction adopted by the court is not

MISCELLANEOUS ORDER—MDL-1423
JAH                                                                4

legitimately anticipated by a party and the court gives that party leave to file an additional motion for summary judgment. The twenty-five interrogatories from all defendants jointly shall be propounded in one set. The ten interrogatories allowed each defendant may be propounded in more than one set. Assuming these actions are not resolved on the motions heard on November 20, the court will thereafter allow further discovery.

DATED:       7/14/06

*/s/ Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

| | | |
|---|---|---|
| 1 | **A copy of this order was mailed on** _____ **to:** | |
| 2 | **Counsel for Plaintiff:** | John C. Carey<br>Stroock & Stroock & Lavan, LLP |
| 3 | John P. Sutton<br>2421 Pierce Street | 200 South Biscayne Boulevard<br>Suite 3160 |
| 4 | San Francisco, CA 94115-1131 | Miami, FL 33131-5323 |
| 5 | Lewis Donald Prutzman | Matthew P. Lewis |
|   | Tannenbaum Helpern Syracuse & Hirschritt LLP | White & Case LLP |
| 6 | 900 Third Avenue | 633 West Fifth Street |
|   | New York, NY 10022 | Suite 1900 |
| 7 | | Los Angeles, CA 90071-2007 |
|   | Benson L. Hathaway, Jr., Michael F. Krieger, | |
| 8 | Todd E. Zenger | Robert J. Bittman |
|   | Kirton & McConkie | White & Case LLP |
| 9 | 1800 Eagle Gate Tower | 601 Thirteenth Street, NW |
|   | 60 East South Temple | Suite 600 South |
| 10 | Salt Lake City, UT 84111 | Washington, DC 20005-3807 |
| 11 | David Allen Lowe, Lawrence D. Graham, Mark | Ellen McGinty King |
|   | Stephen Beaufait | White & Case LLP |
| 12 | Black Lowe & Graham | Five Palo Alto Square |
|   | 701 Fifth Avenue | 10th Floor |
| 13 | Suite 4800 | 3000 El Camino Real |
|   | Seattle, WA 98104 | Palo Alto, CA 94306 |
| 14 | | |
|   | Raymond C. Stewart, Quentin R. Corrie | Felice B. Galant, Gregory B. Wood |
| 15 | Birch Stewart Kolasch & Birch LLP | Fulbright & Jaworski L.L.P. |
|   | 8110 Gatehouse Road | 865 South Figueroa Street |
| 16 | Suite 500 East | Twenty-Ninth Floor |
|   | Post Office Box 747 | Los Angeles, CA 90017 |
| 17 | Falls Church, VA 22040 | |
|   | | Joseph P. Zammit |
| 18 | Robert Charles Kain, Jr. | Fulbright & Jaworski |
|   | Fleit Kain Gibbons Gutman & Bongini | 666 Fifth Avenue |
| 19 | 750 SE 3rd Avenue | New York, NY 10103 |
|   | Suite 100 | |
| 20 | Fort Lauderdale, FL 33316 | John F. Mardula, Jon L. Roberts |
|   | | Roberts Abokhair Mardula, LLC |
| 21 | E. J. Asbury, III | 11800 Sunrise Valley Drive |
|   | Office of E.J. Asbury III | Suite 1000 |
| 22 | 3330 Cumberland Boulevard | Reston, VA 20191-5302 |
|   | Suite 500 | |
| 23 | Atlanta, CA 30339 | Richard B. Sheldon |
|   | | Mitchell Silberberg & Knupp LLP |
| 24 | **Counsel for Defendants:** | 11377 West Olympic Boulevard |
|   | | Los Angeles, CA 90064-1683 |
| 25 | Alan M. Weisberg, Steven M. Greenberg | |
|   | Christopher & Weisberg, P.A. | Jeffrey L. Silvestrini, Brian F. Roberts |
| 26 | 200 E. Las Olas Avenue | Cohne Rappaport & Segal |
|   | Suite 2040 | P.O. Box 11008 |
| 27 | Fort Lauderdale, FL 33301 | Salt Lake City, UT 84147-0008 |
| 28 | | |

MISCELLANEOUS ORDER—MDL-1423
JAH                                6

| | |
|---|---|
| Raymond J. Etcheverry<br>Parsons, Behle & Latimer<br>One Utah Center<br>201 South Main Street,<br>Suite 1800, Post Office Box 45898<br>Salt Lake City, UT 84145 | Jon M. Gibbs<br>Akerman, Senterfitt<br>255 S. Orange Avenue<br>Suite 1700<br>Post Office Box 0231<br>Orlando, FL 32802-0231 |
| Kieran Patrick Fallon<br>436 SW 8th Street<br>Miami, FL 33130-2814 | Elizabeth E. Green, R. Scott Shuker<br>Gronek & Latham, LLP<br>390 N. Orange Avenue<br>Suite 600 |
| Matthew Francis McGahren<br>Baum & McGahren<br>6171 Crooked Creek Road<br>Norcross, GA 30092 | Orlando, FL 32801<br><br>Robert D. Becker, Shawn G. Hansen<br>Manatt Phelps and Philips<br>1001 Page Mill Road Bldg 2 |
| Lori D. Greendorfer, Maxim H. Waldbaum<br>Schiff Hardin LLP<br>623 Fifth Avenue<br>28th Floor<br>New York, NY 10022 | Palo Alto, CA 94304<br><br>Meredith L. Caliman<br>Meredith L. Caliman Law Offices<br>3858 Carson Street, Suite 120<br>Torrance, CA 90503-6705 |
| Thomas T. Tamlyn<br>Yeskoo Hogan & Tamlyn, LLP<br>535 Fifth Avenue<br>New York, NY 10017 | Gregory J. Nelson<br>Nelson & Roediger<br>3333 E Camelback Road, Suite 212<br>Phoenix, AZ 85018 |
| Peter S. Canelias<br>Law Offices of Peter S. Canelias<br>420 Lexington Avenue<br>Suite 2148<br>New York, NY 10170 | Peter Neil Greenfeld<br>Greenfeld Law Group<br>3333 E Camelback Road, Suite 212<br>Phoenix, AZ 85018-2324 |
| David T. Alexander<br>MBV Law LLP<br>855 Front Street<br>San Francisco, CA 94111 | **Courtesy Copy:**<br><br>Clerk of the Panel<br>Judicial Panel on Multidistrict Litigation<br>Thurgood Marshall Federal Judiciary Building<br>One Columbus Circle, N.E.<br>Room G-255, North Lobby<br>Washington, D.C. 20002-8004 |

Counsel for plaintiff is responsible for ensuring that involved attorneys not on the above service list receive a copy of this order, if necessary, and shall inform the court of any omissions.

MISCELLANEOUS ORDER—MDL-1423
JAH                                                           7